**TELESERVICES JAMAICA, LTD.,**
**Plaintiff–Appellant,**

v.

**WEST TELEMARKETING CORPORA-**
**TION OUTBOUND and West Corpo-**
**ration, Defendants–Appellees.**

No. 05–6521–cv.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2006.

David L. Braverman, Braverman Kaskey, Philadelphia, PA, (Bruce H. Beckmann, Rosensteel & Beckmann LLC, New York, NY, on the brief), for Appellant.

Patrick R. Guinan, Erickson & Sederstrom, P.C., Omaha, NE, (Teena Lee, Davis Wright Tremaine LLP, New York, NY; Thomas J. Cullhane, Erickson & Sederstrom, P.C., Omaha, NE, on the brief), for Appellees.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Teleservices Jamaica, Ltd. ("TJL") appeals from the amended judgment of the Southern District of New York (Kaplan, J.), docketed on October 18, 2006, dismissing its suit against West Telemarketing Corporation Outbound and West Corporation (jointly, "West"), and from the district court's order denying its motion for reconsideration. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

■ TJL concedes that under Jamaican law, directors of a company in receivership may not bring suit on the company's behalf without the consent or authorization of the receiver if the action "will threaten or imperil the assets which are subject to the [receiver's] charge." *Arawak Woodworking Establishment Ltd. v. Jamaica Dev. Bank*, 24 Jam. L.R. 15, 16 (Sup.Ct.1987) (explaining and adopting the English case *Newhart Devs. Ltd. v. Co-operative Commercial Bank Ltd*, [1978] Q.B. 814 (C.A. 1977)). If the action would imperil the receivership's assets, the directors may nonetheless proceed if they have provided an indemnity to cover the potential costs of litigation. *See Newhart*, [1978] Q.B. at 821; *Tudor Grange Holdings Ltd. v. Citibank NA*, (1991) 4 All E.R. 1, 11–12(Ch.); *see also Arawak*, 24 Jam. L.R. at 16 (citing with approval *Newhart's* position on indemnification). As TJL's counsel conceded in oral argument, TJL mentioned the possibility of indemnifying the receivership for the first time only in its motion to reconsider the district court's order, despite having been on notice of the relevant Jamaican law. *See* Jackson Aff. ¶¶ 9–12. Its unsubstantiated and untimely representations in its briefs in support of that motion and on appeal are not sufficient to meet its indemnity obligations, and thus it may not bring this action without the receiver's consent.

■ TJL's contention that no indemnity is required because the United States does not adhere to the English "loser pays" system is without merit, as courts in the American system can and do award costs and fees under some circumstances. *See, e.g.,* Fed.R.Civ.P. 54(d) (granting courts authority to award costs and fees). As to TJL's claim that there are no assets in the receivership to imperil, it raised this argument for the first time in its motion for reconsideration, and we therefore decline to consider it. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir.2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration."). Finally, we reject TJL's argument that its claims against West are not within the scope of the debenture, because our inquiry turns not on whether the *claims* are within the receivership's charge, but rather on whether *as-*

*sets* imperiled by litigation of the claims are within its charge.[1]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. The parties have raised the question of whether TJL's authority to bring this suit is properly considered a matter of capacity to sue, rather than one of standing. We do not reach this issue, however, because regardless of which one it is, the district court correctly stated in its order denying TJL's motion to reconsider that the burden of establishing TJL's entitlement to bring the action ultimately rested on TJL, and we agree with the district court that TJL failed to carry its burden.